UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLARENCE HICKS | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-02-2076 |
| | * | CR. NO.   L-98-0259 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |
| | ******* | |

MEMORANDUM

Now pending is pro se Petitioner Clarence Hicks's motion to reopen his case pursuant to Rule 60(b).[1]  Docket No. 716.  Hicks requests the Court to vacate its judgment denying his motion for relief pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court will, by separate Order of even date, DENY the motion.  The case remains CLOSED.

**I.   Background**

The facts are fully set forth in the parties' briefs.  The essential facts are as follows.  From 1989 to 1999, Hicks participated in a violent drug conspiracy that operated in the O'Donnell Heights neighborhood of Southeast Baltimore.  On August 18, 1999, Hicks was charged in Count 3 of the Second Superseding Indictment with conspiracy to distribute heroin, cocaine, and cocaine base, in violation of 21 U.S.C. § 846.  Hicks was convicted on November 23, 1999 and sentenced to thirty years imprisonment on March 23, 2000.

On June 19, 2002, Hicks filed a motion for relief pursuant to 28 U.S.C. § 2255.  Docket No. 483.  In his motion, Hicks raised two claims of ineffective assistance of counsel.  The Court

---

[1] Hicks has also filed a motion for summary judgment.  Docket No. 731.  He argues that the Government failed to timely respond to his motion.  The record establishes, however, that the Government, after requesting and receiving a continuance, responded within the prescribed deadlines.  Further, the Government certified that it mailed a copy of its response to Hicks.  Accordingly, Hicks is not entitled to summary judgment, and his motion will be denied.

rejected these claims and, on March 11, 2005, denied Hicks's motion. Docket No. 550. On May 4, 2005, Hicks filed a motion for relief from the judgment (Docket No. 551), and on August 18, 2005, he filed a motion to reopen his case (Docket No. 552). The Court denied each of these motions on June 5, 2008. Docket No. 630.

Hicks filed the instant motion on December 10, 2009. The motion became ripe on March 29, 2010.

## II.  Analysis

Hicks's motion must be denied because it is time-barred. Federal Rule of Civil Procedure 60(b) sets out six grounds on which a court may relieve a party from a final judgment.[2] Hicks seeks reopening based on "fraud, mistake, and newly discovered evidence." Mot. 1. A motion seeking to reopen on these grounds must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Hicks filed the instant motion more than three years after the Court denied his § 2255 motion and

---

[2]  The six grounds are as follows:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

almost eighteen months after the Court denied his previous motion to reopen.  Accordingly, the motion will be denied.

Even assuming that the motion was timely, Hicks has not set out a factual or legal basis for the relief he seeks.  Hicks argues that he is entitled to relief because the Court previously failed to consider certain arguments raised in his § 2255 motion.  Evidence a court has previously considered is, by definition, not newly discovered.  See Smith v. Reddy, 101 F.3d 351, 357 (4th Cir. 1996) (denying Rule 60(b) motion where "[m]uch of the so-called new evidence cited in Smith's brief appears in the original summary judgment record").

Hicks's argument that the judgment was procured by fraud is also without merit.  Hicks contends that because he withdrew from the conspiracy in 1993, the Government indicted him in violation of the statute of limitations.  The Court previously considered and rejected a similar claim.  See Docket No. 629, Mem. 4 (holding that Hicks could not establish that his counsel was ineffective for failing to argue the statute of limitations issue on appeal because Hicks "fails to confront the overwhelming evidence of his role in the conspiracy between 1996 and 1998").  Under these circumstances, Hicks cannot establish that the judgment was procured by fraud upon him or the Court.

### III.  Conclusion

For the reasons set forth herein, the Court will, by separate Order of even date, DENY the motion.  The case remains CLOSED.

Dated this  2nd  day of April, 2010.                              /s/
                                                          Benson Everett Legg
                                                          United States District Judge