UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLARENCE HICKS | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-02-2076 |
| | * | CRIM. NO. L-98-0259 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |

*******

# MEMORANDUM

Petitioner Clarence Hicks seeks to appeal this Court's ruling denying his second motion under Rule 60(b) of the Federal Rules of Civil Procedure (Paper Nos. 735 & 736), in which he sought relief from an earlier judgment denying his Motion to Vacate under 28 U.S.C. § 2255 (Paper Nos. 549 & 550). Pursuant to 28 U.S.C. § 2253(c)(1)(B), Hicks must first obtain a certificate of appealability.[1] For the following reasons, Hicks's motion for a certificate is DENIED.

A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Hicks must establish that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 337–38 (2003); see also Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). This Hicks has failed to do.

The Court denied Hicks's second motion under Rule 60(b) because it was time-barred. Hicks's second motion sought reopening based on fraud, mistake, and newly discovered evidence. Under Rule 60(c)(1), a motion on these grounds must be brought "no more than a year

---

[1] As the instant proceedings arise under 28 U.S.C. § 2255, the denial of Hicks's Rule 60(b) motion is a final order to which the certificate requirement applies. See e.g., Reid v. Angelone, 369 F.3d 363, 367–69 (4th Cir. 2004).

after the entry of the judgment or order or the date of the proceeding." The Court noted that Hicks filed his second motion under Rule 60(b) more than three years after the Court denied his § 2255 motion and almost eighteen months after the Court denied his previous motion under Rule 60(b). Accordingly, the Court denied the motion.

On the record before the Court, there is nothing to suggest that a reasonable jurist would find this conclusion debatable or wrong.[2] Accordingly, the Court will, by separate Order of even date, DENY Hicks's motion for a certificate of appealability.

Dated this 21th day of April, 2010.

/s/
Benson Everett Legg
United States District Judge

---

[2] The Court incorporates by reference its opinion in Civil No. L-02-2076/Crim. No. L-98-259, Paper No. 735 (D. Md. 2010).