UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CLARENCE HICKS            *
    Petitioner              *
                            *
  v.                      *       CIVIL NO. L-02-2076
                            *       CR. NO.   L-98-0259
UNITED STATES OF AMERICA  *
    Respondent              *
                       *******

MEMORANDUM

Now pending is pro se Petitioner Clarence Hicks's motion to reopen his case pursuant to Rule 60(b)(6). Docket No. 752. Hicks requests the Court to vacate its judgment denying his motion for relief pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will, by separate Order of even date, DENY the motion. The case remains CLOSED.

**I.    Background**

The facts of this case are fully set forth in the record. On November 23, 1999, Petitioner Clarence Hicks was convicted of conspiracy to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C. § 846. On March 23, 2000, Hicks was sentenced to thirty years' imprisonment.

On June 19, 2002, Hicks filed a motion for relief pursuant to 28 U.S.C. § 2255. Docket No. 483. In his motion, Hicks raised two claims of ineffective assistance of counsel. The Court rejected these claims and, on March 11, 2005, denied Hicks's motion. Docket No. 550. On May 4, 2005, Hicks filed a motion for relief from the judgment (Docket No. 551), and on August 18, 2005, he filed a motion to reopen his case (Docket No. 552). The Court denied each of these motions on June 5, 2008. Docket No. 630. On December 10, 2009, Hicks filed a second Motion to Reopen under Rule 60(b)(3) claiming "fraud, mistake, and newly discovered evidence,"

(Docket No. 716), which the Court denied on April 4, 2010 (Docket No. 736). The instant Motion to Reopen is Hicks' third, this time brought under Rule 60(b)(6). Docket No. 752.

**II.     Analysis**

Hicks' current 60(b) motion, like his last, must be denied because it is time-barred. Hicks' last motion, alleging fraud, was brought under Rule 60(b)(3). It was denied in part because it was filed more than three years after the Court decided his § 2255 petition, and such motions must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). By contrast, motions under Rule 60(b)(6), which allows a Court to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief," need only be brought within "a reasonable time." Id.

Nonetheless, the Court finds the instant motion untimely. It was filed on August 20, 2010, now more than five years after the Court's initial denial of Hicks' § 2255 petition. The arguments therein, namely that the Court at sentencing took improper account of a prior conviction and incorrectly applied an enhancement predicated on the quantity of cocaine base involved, were available to Hicks both at the time of his original § 2255 filing and at the time of his two prior Rule 60(b) motions. For this reason, all subsequent Rule 60(b) motions raising similar arguments will be likewise time-barred.

Moreover, the Court finds that Hicks would not be entitled to relief even if timely demanded. The Supreme Court has held that a movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment, Ackermann v. United States, 340 U.S. 193, 199, (1950), and has made clear that "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). A careful review of the papers in this case reveals no such extraordinary circumstances.

## III. Conclusion

For the reasons set forth herein, the Court will, by separate Order of even date, DENY the motion. The case remains CLOSED.

Dated this 20th day of September, 2010.                    /s/
                                                          Benson Everett Legg
                                                          United States District Judge