UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLARENCE HICKS | * | |
|     Petitioner | * | |
| | * | |
| v. | * | CIVIL NO. L-02-2076 |
| | * | CRIM. NO. L-98-0259 |
| UNITED STATES OF AMERICA | * | |
|     Respondent | * | |

*******

## MEMORANDUM

Petitioner Clarence Hicks seeks to appeal this Court's ruling denying his third motion under Rule 60(b) of the Federal Rules of Civil Procedure (Paper Nos. 752), in which he sought relief from an earlier judgment denying his Motion to Vacate under 28 U.S.C. § 2255 (Paper Nos. 549 & 550). Pursuant to 28 U.S.C. § 2253(c)(1)(B), Hicks must first obtain a certificate of appealability.[1] For the following reasons, the Court hereby DENIES him a certificate of appealability.

A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to meet this burden, Hicks must establish that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 337–38 (2003); see also Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). This Hicks has failed to do.

The Court denied Hicks's third motion under Rule 60(b) because it was time-barred and because Hicks would not be entitled to relief even if his motion were timely. See Docket No. 753 at 2. On the record before the Court, there is nothing to suggest that a reasonable jurist

---

[1] As the instant proceedings arise under 28 U.S.C. § 2255, the denial of Hicks's Rule 60(b) motion is a final order to which the certificate requirement applies. See e.g., Reid v. Angelone, 369 F.3d 363, 367–69 (4th Cir. 2004).

would find these conclusions debatable or wrong.[2]  Accordingly, the Court will, by separate Order of even date, DENY Hicks's motion for a certificate of appealability.

Dated this 6th day of October, 2010.
                                                        /s/
                                        Benson Everett Legg
                                        United States District Judge

---

[2] The Court incorporates by reference its opinions on Hicks's previous Motions to Reopen.