IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES, | |
| v. | Criminal Action No. ELH-98-259 |
| CLARENCE HICKS, | Related Civil Action No. ELH-13-2274 |
| *Defendant*. | |

**MEMORANDUM**

Pending before the Court is a Motion for Reconsideration ("Motion," ECF 853), filed by Clarence Hicks on June 10, 2014. Mr. Hicks was convicted in 1999 of conspiracy to distribute cocaine and cocaine base in Baltimore, Maryland.[1] He now asks me to reconsider the Memorandum (ECF 820) and Order (ECF 821) that I issued on April 19, 2013, more than a year prior to his motion. He relies on "[R]ule 4(b) of the rules governing Section § 2255 proceedings …" ECF 853 at 1. The Motion is the latest in a series of challenges Mr. Hicks has made to his conviction and his sentence. *See, e.g.*, *In Re Hicks*, 389 F. App'x 328 (4th Cir. 2010); *In Re Hicks*, 421 F. App'x 276 (4th Cir.), *cert. denied*, ____ U.S. ____, 132 S. Ct. 833 (2011). For a detailed recitation of the procedural and factual history of this case, I refer to and incorporate herein the Memorandum filed by this Court on April 19, 2013 (ECF 820).

In the Motion currently before the Court, Mr. Hicks repeats an argument he unsuccessfully made in a prior motion for reconsideration: That his 1989 conviction for possession of cocaine with intent to distribute should not have been counted as a "felony drug offense" for the purpose of sentence enhancement under 21 U.S.C. § 841, because he was not punished by imprisonment for more than one year. He claims that "he actually was not

---

[1] The trial judge was the Honorable Benson Legg, who has since retired.

punished at all for the drug offense." ECF 853 at 2.  My prior Memorandum Opinion (ECF 820) disposes of this argument.  There, I wrote:

> [T]he statutory definition of a "felony drug offense" does not turn on the length of the sentence that was actually imposed. Rather, it turns on "*the maximum sentence that could have been imposed* on a person with the defendant's actual level of aggravation and criminal history." *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (emphasis added and omitted).
>
> Hicks's 1989 Conviction involved possession of a controlled dangerous substance with intent to distribute.  In 1989, possession of a controlled dangerous substance with intent to distribute was criminalized by Article 27, § 286 of the Annotated Code of Maryland.  Then, as now, the maximum penalty for the crime depended upon what substance the defendant was convicted of possessing: if the substance was a Schedule I or II narcotic drug, the maximum penalty was twenty years' imprisonment, whereas possession of other controlled dangerous substances entailed a maximum penalty of only five years. *See* Md. Code Ann. (1957, 1987 Repl. Vol., 1989 Supp.), Art. 27, § 286(b)(1), (3).  But, in any event, the maximum possible penalty exceeded one year, and so the offense was (and is) a "felony drug offense" for purposes of sentence enhancement under 21 U.S.C. § 841, regardless of the length of the state sentence that actually was imposed.  Accordingly, Hicks's argument is devoid of merit.

The exact same analysis governs here.  Accordingly, Hicks' Motion will be denied.

This Court now informs Mr. Hicks of anticipated changes to the Drug Quantity Table of the United States Sentence Guidelines, which will become effective in November 2014.  I express no opinion, however, as to whether Mr. Hicks will be eligible for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2).

Under Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, it does not appear that a Certificate of Appealability ("COA") applies here.  In any event, because Mr. Hicks' Motion provides no basis for issuance of a COA, a COA is denied.

An Order follows.

Date: July 25, 2014                                           /s/
                                               Ellen Lipton Hollander
                                               United States District Judge